# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

BOUBACAR TALL,

          Petitioner,    :    Case No. 2:24-cv-3729

  - vs -                           District Judge Sarah D. Morrison
                                   Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                                   :
          Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Boubacar Tall under 28 U.S.C. § 2254, is before the Court for preliminary review under Rule 4 of the Rules Governing § 2254 Cases. Petitioner seeks relief from his convictions for forgery and passing bad checks in the Union County Court of Common Pleas.

Under Rule 4, the Clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Petitioner claims that he needs hip surgery which was scheduled to be performed November 3, 2022, the day after he was sentenced. He says he has presented this need to prison officials and they have responded that the surgery is too expensive for the State to pay for (Petition,

1

ECF No. 1, PageID 5). In his second claim he asserts he is prescribed hydrocodone and oxycodone for his sickle cell anemia, but the prison refuses to provide it to him on a daily basis. *Id.* at PageID 7.

The Supreme Court requires District Courts to distinguish carefully between two kinds of constitutional claims. If prison officials demonstrate deliberate indifference to a serious medical need, they may be sued under 42 U.S.C. § 1983 for that violation. If on the other hand some violation of the Constitution occurred in the criminal justice process that resulted in a petitioner's conviction, that claim is proper for habeas corpus. See *Preiser v. Rodriquez*, 411 U.S. 475 (1973). Tall's complaints about refusal of surgery and medication may be matters this Court could consider in a civil rights action under § 1983, but not in a habeas corpus case. Conversely, those claims do not impact the constitutionality of his conviction which is the subject matter for habeas corpus.

Accordingly it is respectfully recommended that the Petition herein be dismissed for failure to state a claim cognizable in habeas corpus, but without prejudice to refiling the claims in a civil rights case. The Clerk shall furnish Petitioner with the appropriate forms for doing that, including forms for seeking leave to proceed *in forma pauperis*[1].

July 22, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

---

[1] Although Tall paid the five dollar filing fee for a habeas corpus case, he might not be able to afford the $350 filing fee for a civil rights case.

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #